IN THE UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **INTEGRITY MEDIA, INC.,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   **CIVIL ACTION NO. 06-00571-CG-B** |
| | * |
| **FOUNDATION OF INTEGRITY** | * |
| **MINISTRIES INTERNATIONAL, INC.** | * |
| **d/b/a INTEGRITY MINISTRIES,** | * |
| | * |
| **Defendant.** | * |

**ORDER**

This matter is before the court on Plaintiff Integrity Media, Inc.'s ("Integrity") motion for contempt and sanctions (Docs. 25, 26).

On December 14, 2006, this court entered a default judgment and order for permanent injunction against Defendant Integrity Ministries International, Inc. d/b/a Integrity Ministries ("Integrity Ministries") (Doc. 19). In that order, the court directed Integrity Ministries to pay Integrity the costs it has incurred in this action pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a). Pursuant to the court's instruction, Integrity submitted detailed and itemized accountings of its time and expenses demonstrating that it incurred $22,559.00 in attorneys' fees and related expenses (Docs. 21,22). The court awarded the $22,559.00 in attorneys' fees and costs to Integrity by order dated March 21, 2007 (Doc. 24).

Integrity Ministries, however, has failed to pay or make any arrangements to pay Integrity the fees and costs ordered by the court. As a result, Integrity filed a motion for

contempt and sanctions against Integrity Ministries on October 24, 2007 (Doc. 25).  On November 5, 2007, the court ordered Integrity Ministries to show cause, on or before November 19, 2007, why Integrity's motion should not be granted, and advised Integrity Ministries that failure to respond would assure the granting of the motion (Doc. 27).  The court also ordered Integrity to serve a copy of the November 5 order on Integrity Ministries because the defendant had not appeared in the action.  (Id.).  On November 6, 2007, Integrity filed a notice of compliance that the November 5 order had been served on the defendant (Doc. 28).

On July 23, 2008, the court ordered Integrity Ministries to once again show cause by August 20, 2008 why it should not be held in contempt for failure to obey the order awarding attorneys' fees and costs to Integrity (Doc. 31).  The court also ordered Integrity to serve a copy of the July 23 order on Integrity Ministries, pursuant to Fed. R. Civ. P. 4, by August 8, 2008, and to file proof of service on or before August 13, 2008.  (Id.).  On August 13, 2008, Integrity filed a notice of compliance that the July 23 order had been served pursuant to Rule 4 on Integrity Ministries' registered agent, Jeffrey Robinson, on August 6, 2008 (Doc. 32).  On August 25, 2008, the court conducted a hearing on Integrity's motion at which counsel for Integrity appeared in support of its motion.  Integrity Ministries failed to file a response to the show cause order and failed to appear at the contempt hearing.

Having reviewed the record in this case, and in light of Integrity Ministries course of conduct throughout this lawsuit, it is hereby

**ORDERED** that Integrity's motion for contempt and sanctions is **GRANTED**.  The court finds Integrity Ministries in contempt of its March 21, 2007 order awarding attorneys' fees and costs to Integrity, and orders the following sanctions to redress Integrity Ministries' conduct:

1. Defendant Integrity Ministries shall pay Integrity, within ten (10) business days of

service of this order, the $22,559.00 in attorneys' fees and costs that the court previously ordered Integrity Ministries to pay Integrity, together with interest accrued since March 21, 2007.

2. Defendant Integrity Ministries shall pay Integrity, within ten (10) business days of service of this order, Integrity's reasonable attorneys' fees and costs incurred in connection with preparing and filing this motion in the amount of $2,503.00.

3. Defendant Integrity Ministries shall produce to Integrity, within ten (10) business days of service of this order, documents sufficient to provide Integrity with an accounting of Integrity Ministries': (I) bank account(s) (including the name on the account, account number, and bank where each account is maintained); (ii) real property (including the address and nature of the property, date and place the deed of the property was recorded, and any lien or security interest on the property); (iii) personal property or other tangible property; and (iv) financial statements for the past five (5) years (including any compensation paid to any employees).

4. If Defendant Integrity Ministries fails to fully comply with this Order as set forth herein, the court will issue more severe sanctions as the court deems just and appropriate, including monetary sanctions and/or criminal sanctions.

The plaintiff is **ORDERED** to serve the defendant with a copy of this order under in the manner provided for by FED. R. CIV. P. 4, and to file a proof of service with the court.

**DONE** and **ORDERED** this 28th day of August, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE